[No. 21713. Department One. May 23, 1929.]

THE STATE OF WASHINGTON, *on the Relation of McPherson Brothers Company, Appellant,* v. CLARK V. SAVIDGE, *as Commissioner of Public Lands, et al., Respondents.*[1]

*Peter McPherson,* for appellant.

*The Attorney General* and *L. B. Donley, Assistant,* for respondent Savidge.

*Hartman & Hartman* for intervener-respondent Okanogan-Douglas Inter-County Bridge Co.

MITCHELL, C. J.—This action in mandamus was brought in the superior court of Thurston county by

[1] Reported in 277 Pac. 842.

relator, McPherson Brothers Company, a corporation, to compel the respondent Clark V. Savidge, as commissioner of public lands of the state, to issue a deed to certain shore lands of the state on the Columbia river in Douglas county. In March, 1926, the relator, as owner of the uplands abutting on the shore lands in question, duly made a proper application to purchase shore lands, including those in question in this action. The land commissioner caused the shore lands applied for to be appraised, and after the appraisal was made, the amount thereof was tendered to the land commissioner and a conveyance requested and demanded by the relator. The land commissioner tendered a deed to the shore lands in question, which deed contained the following language:

"Subject, however, to the right of way secured by the Okanogan-Douglas Inter-County Bridge Company through condemnation proceedings and commissioner's final certificate dated August 26, 1927."

Relator objected to the deed containing that language, and brought this action for a deed without that reservation or qualification. In justification of the language of the deed complained of, the land commissioner pleaded and proved that, in an action by the Okanogan-Douglas Inter-County Bridge Company against the state, in the superior court of Douglas county, the bridge company had condemned and paid for a right of way over the shore lands in question prior to any tender by the relator to the land commissioner and demand for a deed. That, after the condemnation suit against the state, and after relator had made application to purchase the shore lands, the Okanogan-Douglas Inter-County Bridge Company brought an action against McPherson Brothers Company, a corporation, to condemn a right of way for bridge purposes across abutting uplands of McPher-

son Brothers Company, a corporation, and also across the shore lands involved, wherein judgment was obtained and damages assessed upon which a judgment of appropriation was entered in December, 1927, from which no appeal was taken, and that the amount of award had been paid.

The Okanogan-Douglas Inter-County Bridge Company intervened in the present action, and also set up the facts of its condemnation proceedings against McPherson Brothers Company, a corporation, and that the award of $8,377.73, including interest and costs of suit, had been paid into court and accepted by McPherson Brothers Company, a corporation. Upon denials by the McPherson Brothers Company, a corporation, the cause was heard in the superior court and decided in favor of the land commissioner, from which judgment the relator, McPherson Brothers Company, a corporation, has appealed.

■ A number of questions have been argued by the appellant which we think are immaterial, in view of the fact that the record shows clearly that the appellant has been paid damages for the bridge company's right of way across the shore lands. In the bridge company's condemnation proceedings against McPherson Brothers Company, a corporation, the findings and order of necessity, the verdict of the jury, the judgment of the court on the award and the final decree of appropriation reciting the payment into court by the bridge company of the $8,000 award of damages, together with interest and all costs of the action, each and all specifically refer to, and embrace, among other things, any interest, right or claim McPherson Brothers Company, a corporation, may have to that portion of the shore lands consisting of the bridge company's right of way across them. Thus, in one

condemnation case, the bridge company procured judgment and paid the state for a right of way across the shore lands, and in the other condemnation case the bridge company obtained judgment, and has paid · McPherson Brothers Company, a corporation, so far as its rights are concerned, for the same right of way across the shore lands. It follows necessarily that the state is not only justified, but compelled, to include in its deed the language or provision complained of by the appellant, and that the appellant is entitled. to nothing more than that kind of a deed.

Affirmed.

FULLERTON, TOLMAN, HOLCOMB, and. BEALS, JJ., concur.